**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREH FAZELIMOGHADAM, | ) NO. CV 10-05802 DOC (SS) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER DISMISSING** |
| COUNTY OF LOS ANGELES, ET AL., | ) **COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | ) |

**I.**

**INTRODUCTION**

On August 13, 2010, Andreh Fazelimoghadam ("Plaintiff"), a California state prisoner proceeding pro se, filed a Civil Rights Complaint (the "Complaint") pursuant to 42 U.S.C. § 1983. However, the Complaint suffers from pleading deficiencies and is therefore dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## II.

## ALLEGATIONS OF COMPLAINT

The Complaint names the following defendants: (1) the County of Los Angeles, (Complaint at 1); (2) Los Angeles County Sheriff's Deputy Raygoza ("Deputy Raygoza"), (id. at 3); (3) Los Angeles County Sheriff's Deputy Gonzalez ("Deputy Gonzalez"), (id.); and (4) Los Angeles County Sheriff's Deputy Allen ("Deputy Allen"). (Id.). Plaintiff sues all of the defendants in their individual capacity, with the exception of the County of Los Angeles, for which he does not specify the capacity in which he is suing. (Id. at 1, 3).

Plaintiff alleges that on January 4, 2010, while in custody at the Los Angeles County Men's Central Jail, Deputy Raygoza confiscated Plaintiff's legal papers and copies of the Complaint. (Complaint at 2-3). Plaintiff further alleges that Deputies Gonzales and Allen called Plaintiff a terrorist in the vicinity of other inmates. (Id. at 3).

Plaintiff seeks damages in the amount of $1,500,000. (Complaint at 6). Plaintiff also seeks injunctive relief in the form of medical treatment for ongoing medical problems. (Id.).

## III.

## DISCUSSION

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This

Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. When a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Propria persona litigants in civil rights cases must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29; see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   Plaintiff Fails To State A Claim Against A Municipal Entity**

Plaintiff has named the County of Los Angeles as a defendant. (Complaint at 1). When an individual sues a local government for violation of his constitutional rights, the municipality is liable if

the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). In Monell, however, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior. See Monell, 436 U.S. at 691-94. Thus, in order to impose liability on a municipality under § 1983, a plaintiff must identify a specific policy that caused his injury. See Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); see also Iqbal v. Ashcroft, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (requiring specific allegations regarding the policy at issue in a civil rights case).

Here, Plaintiff fails to state a claim against the County of Los Angeles because he has not identified any policy or practice that serves as the moving force behind his alleged constitutional violations. Indeed, Plaintiff may not have intended to name the County of Los Angeles as a defendant at all because he did not include the County in the list of defendants on pages 3 and 4 of the Complaint. (See Complaint at 3-4). Rather, Plaintiff merely included the County of Los Angeles in the caption on page 1 of the Complaint. (See id. at 1). Plaintiff is advised that if he does not intend to name the County of Los Angeles as a defendant in any amended complaint he should not include the County in the caption. If Plaintiff does intend to name the County of Los Angeles as a defendant, he must first identify the specific policy or practice that violates his constitutional rights.

Further, Plaintiff must allege specific facts establishing that the policy or practice was the "moving force" behind the constitutional violations Plaintiff claims he has suffered.

**B.     Plaintiff's Allegations Regarding Verbal Insults Fail To State A Claim**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  To avoid dismissal, a complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 129 S. Ct. at 1949 ("Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  In other words, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial validity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability."  Id.

1     Here, Plaintiff has not stated a claim showing that he is entitled
2 to relief. Rather, Plaintiff merely states that Deputies Gonzales and
3 Allen called him a terrorist within the vicinity of other prisoners.
4 (See Complaint at 3). Plaintiff fails to establish a facially plausible
5 legal claim entitling him to relief because mere verbal insults do not
6 violate a person's civil rights. See Somers v. Thurman 109 F.39 614,
7 622 (9th Cir. 1997) (holding that even though the "realities of prison
8 life" involve "the exchange of verbal insults between inmates and
9 guards," those insults "do not rise to the level of an Eighth Amendment
10 violation"); see also Oltarzewski v. Ruggiero 830 F.2d 136, 139 (9th
11 Cir. 1987) ("[V]erbal harassment or abuse . . . is not sufficient to
12 state a constitutional deprivation under 42 U.S.C. § 1983." (internal
13 quotation marks omitted)). Thus, Plaintiff has failed to properly claim
14 that his civil rights have been violated. Plaintiff is advised that if
15 he wishes to proceed with this claim, he must allege sufficient facts
16 to clearly and specifically illustrate that the named defendants are
17 liable for violating his civil rights.

18

19 **C.**     **Plaintiff Fails To Allege Sufficient Facts To State A Claim For**
20     **Denial Of Medical Care**

21

22     Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint
23 must contain enough factual matter, accepted as true, to "state a claim
24 to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949
25 (internal quotations and citations omitted). Here, Plaintiff has asked
26 for relief in the form of medical treatment for ongoing medical
27 problems. (See Complaint at 6). However, Plaintiff has not provided
28 any facts that suggest he has been denied medical care or would

6

1 otherwise be entitled to medical care.  His only claims are that Deputy
2 Raygoza confiscated his legal documents and that Deputies Gonzales and
3 Allen called him a terrorist.  (See id. at 3).  These facts fail to
4 state a claim for the denial of medical care.

6     Moreover, an inmate's transfer to a different facility will
7 generally moot any pending claims seeking injunctive relief.  See
8 Preiser v. Newkirk, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d
9 272 (1975) (holding an inmate's claim for injunctive relief from an
10 illegal transfer from a minimum to a maximum security prison was moot
11 because he had since been transferred back to his original prison and
12 then onto another minimum security prison, thereby precluding "a
13 reasonable expectation that the wrong [would] be repeated"); see also
14 Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (holding that an
15 inmate's transfer from Calipatria to another prison mooted his claims
16 because the claims were not the type likely to evade review and the
17 inmate was not likely to return to Calipatria).  On August 10, 2010,
18 Plaintiff was transferred from the Los Angeles County Men's Central Jail
19 to Wasco State Prison.  (See Inmate Information Center Website,
20 http://app4.lasd.org/iic/ajis_search.cfm, Last name: FAZELIMOGHADAM,
21 First name: ANDREH, Booking number: 1982044 (last visited Sep. 13,
22 2010)).  Thus, any claim for injunctive relief based on the denial of
23 medical care at Los Angeles County Men's Central Jail appears to be
24 moot.
25 \\
26 \\
27 \\
28 \\

7

D.     **Plaintiff Fails To Establish Sufficient Harm To Claim A Violation Of His Right To Access The Courts**

State and federal prisoners have a fundamental right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996) (citing Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977)). However, to establish a violation of this right, a plaintiff must demonstrate that he has suffered an actual injury. See id. at 351-52. To establish an actual injury, a plaintiff must show that the alleged denied access has hindered or is hindering his efforts to directly pursue a nonfrivolous legal claim. See id. at 343; see also Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010).

Here, Plaintiff has not alleged any instance in which his efforts to pursue a nonfrivolous legal claim have been hindered. Plaintiff merely states that Deputy Raygoza confiscated his legal papers and copies of the Complaint. (Complaint at 3). However, Plaintiff has accessed the courts by filing the instant Complaint. Thus, Plaintiff has not suffered an actual injury because his efforts to pursue his legal claim have not been frustrated. Because Plaintiff has not established an actual injury, he does not establish a violation of his right to access the courts. Plaintiff is advised that in order to state such a claim, he must sufficiently establish an actual injury caused by Defendants' hindrance of his efforts to pursue a nonfrivolous legal claim.

## IV.

## CONCLUSION

If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file an First Amended Complaint, curing the defects in the instant Complaint described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior complaints. Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. Plaintiff should make clear which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his complaint. Plaintiff shall not repeat the deficiencies of the instant Complaint.

Plaintiff is explicitly cautioned that failure to file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A sample notice is attached to this order as well**.

DATED: September 27, 2010

**/S/**
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE